SOMMERVILLE, J.
Plaintiff sues defendant for separation from bed and board, on the ground of abandonment. Three summonses had issued to defendant, through a curator ad hoc, commanding him to return to the matrimonial domicile, when he appeared in court and answered, denying that he had abandoned the plaintiff. He alleged that he had changed their domicile from New Orleans to the city of Jacksonville, Fla., to practice his profession, and that plaintiff has refused to follow him to said place, although he had tendered her transportation for that purpose. He further alleged that he had returned to New Orleans, and that as soon as plaintiff is willing to go back to him he will furnish a house for them to live in. He further asks that the suit be dismissed at plaintiff’s costs. There was judgment in favor of plaintiff, decreeing a separation from bed and board, although there had been no judgment condemning defendant to return to the matrimonial domicile. Defendant has appealed; and plaintiff answers, asking that the judgment be amended, by condemning the defendant to return to the matrimonial domicile.
The law is that:
“The abandonment with which the husband or wife is charged must be made appear by the three reiterated summonses made to him or her from month to month, directing him or her to return to the place of the matrimonial domicile, and followed by a judgment which has sentenced him or her to comply with such request, together with a notification of the said judgment, given to him or her from month to month for three times successively.
“The summons and notification shall be made to him or her at the place of his or her usual residence, if he or she lives in this state, and if absent, at the place of the residence of the attorney who shall be appointed to him or her by the judge for that purpose, at the suit of the husband or wife praying for separation from bed and board.” Civil Code, art. 145.
The judgment appealed from will be reversed, as there was no judgment, following the three reiterated summonses, condemning defendant to return to the matrimonial domicile. ■ That was the only judgment that might have been rendered at the time.
Article 143 of the Civil Code provides:
“Separations grounded on abandonment .by one of the married persons can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made appear in the manner”
—directed in article 145, quoted above.
There can be no judgment condemning defendant to return to the matrimonial domicile where the evidence shows, as it does in this case, that he did not withdraw himself from the common dwelling without a lawful cause, and that he had refused to live with the plaintiff.
The evidence here is that defendant left his domicile in the city of New Orleans, asking his wife to accompany him, that they might establish a domicile elsewhere. The mother of plaintiff, with whom plaintiff and defendant had made their domicile while in the city of New Orleans, testified that her daughter, the plaintiff, had objected to going with her husband, and that she thought defendant had asked plaintiff to accompany him when he went away, but that she refused to go to Florida with him. Another witness testified that defendant wrote to plaintiff, and offered to send her transporta *951 tion to come to Mm in Jacksonville, but that no answer to his letter was received. The plaintiff’s mother further testified that after the defendant returned to New Orleans she, the mother, had told him that he must not come to her home, where he had left his wife, and where she had continued to reside, “because she (the wife) had entered tMs suit against Mm, and I did not think it was necessary for Mm to come back there any more.” The father of plaintiff also testified that he had written to defendant telling him that he could not enter his house, where defendant’s wife, the plaintiff, was then residing.
Defendant offered further evidence going to show- that he, together with his sister and brother-in-law, had rented quite a large house, and that he had written a letter, which was received by the plaintiff, asking her to return to the matrimonial domicile established by him in this city, and that no answer was made thereto by plaintiff. The house selected by defendant for the matrimonial domicile is in a respectable neighborhood, and evidently large enough to accommodate them and their child; and the evidence shows that defendant is able and willing to support them.
Plaintiff demands in her petition that defendant return to the matrimonial domicile. The matrimonial domicile is the one established by the husband, as the head of the community. And it is the duty of the wife' to go to that domicile and live with her husband there.
Plaintiff has failed to sustain the allegations of her petition. She has not been abandoned by her husband. She refused to accompany him to the domicile established by him in Jacksonville, Fla.; she refused to go to him there when he offered transportation to her for that purpose; she now refuses to go to the matrimonial domicile established by him in New Orleans; and her parents will not permit him to go to her in their home.
The judgment appealed from is annulled, avoided, and reversed, and plaintiff’s suit is dismissed, at the cost of defendant.